FIFTH THIRD BANK/VISA *v.*
GILBERT ET AL.

(No. 84 CV 06776—Decided
September 28, 1984.)

Hamilton County Municipal Court.

*John L. Day, Jr.,* for plaintiff.
*Bernard L. Rosenberg,* for defendant John D. Gilbert.
*Douglas M. Mansfield,* for defendant Ann A. Gilbert.

HOGAN, J. This is a case in which the adversaries are a credit card company on one hand and a card holder and his unemancipated daughter on the other. The court is first called upon to decide whether or not the use of the card in question was authorized, and if not, the liability of the card holder. The case was tried to the court on September 18, 1984 and taken under advisement for decision.

The defendant John D. Gilbert testified that on May 9, 1983, he cancelled a previous Visa card which was jointly held upon advice of counsel because of a domestic relations problem. A new application was processed on or about June 6, 1983. Mr. Gilbert signed the application and left blank the space which provided for the additional

signature of an authorized signer. The new card was mailed within fifteen days according to Visa representative, Laura Balside, and the card carrier indicates that only one card was issued. Balside's testimony corroborates Mr. Gilbert's insofar as one credit card was requested and issued by Visa.

The twenty-two sales drafts, placed in evidence by plaintiff, show total sales of $1,341.54. Charges totalling $85.44 are attributable to John Gilbert's married daughter, Christine, who is not a party to this litigation. Charges totalling $89.88 were made by John Gilbert. The balance of $1,166.22 in charges was traced to defendant, Ann A. Gilbert, John Gilbert's unemancipated daughter, who was residing elsewhere with her mother. All charges were made in the period from June 15, 1983 to July 18, 1983.

Mr. Gilbert testified that he retained exclusive possession of his Visa card (which was mailed to his business address), that all charges made thereon were unauthorized and that upon receipt of his July 1983 statement, he notified Visa (on July 18, 1983) and requested that an investigation begin. Subsequently, Mr. Gilbert sent an $82 payment by check to Visa to cover Christine's charges and indicated that he had obtained the funds from her. (The check was deficient by $3.44, but since Christine is not a party, this point need not be pursued further.)

Plaintiff is entitled to judgment in the base amount of $89.88 against John Gilbert for charges he admittedly made, but for which he has not paid a sufficient consideration. Plaintiff is also entitled to judgment in the base amount of $1,166.22 against Ann Gilbert. This conclusion is based on principles of implied contract law too well-known to require any citation of authority. Although Ann may be a minor, the record does not show an attempt to rescind the contracts on her behalf or a return of the merchandise. This court feels that to permit Ann to avoid liability under these circumstances on the grounds of incapacity would permit her to use incapacity as a sword rather than a shield, a patently unfair situation. The real question presented here concerns Mr. Gilbert's liability to Visa for Ann's purchases and his liability to Ann on the cross-claim filed by her counsel.

The applicable law is found at Section 1643, Title 15, U.S. Code. Subsection (b) states as follows:

"In any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use [of the card] was authorized * * *."

The quantum of evidence produced by Visa is clearly insufficient to meet the requisite burden of proof. Neither daughter was called to testify that her father had given consent to use the card. No retail sales clerk was called to testify that either daughter on any occasion had physical possession of the Visa card when a purchase was made. In short, the evidence points to the opposite conclusion of that advanced by Visa, to wit: that the use of the card was authorized. While the common-law doctrine of ostensible or apparent authority may have a bearing on a case such as this, it is clear that apparent authority on the part of the agent cannot be established solely by the conduct of the agent, but must be traced to some act of the principal which clothed the agent with apparent authority. See 3 Ohio Jurisprudence 3d (1978) 92-93, Agency, Section 56. The plaintiff here has proved no such act on the part of Mr. Gilbert.

Subsection (d) makes it clear that except as provided in Section 1643, no liability is incurred for the unauthorized use of a credit card. The exception is made in the situation where:

"(A) the card is an accepted credit card;

"(B) the liability is not in excess of $50;

"(C) the card issuer gives adequate notice to the cardholder of the potential liability;

"(D) the card issuer has provided the cardholder with a description of a means by which the card issuer may be notified of a loss or theft of the card * * *;

"(E) the unauthorized use occurs before the card issuer has been notified that an unauthorized use of the credit card has occurred or may occur * * *; and

"(F) the card issuer has provided a method whereby the user of such card can be identified as the person authorized to use it." Section 1643(a)(1), Title 15, U.S. Code.

The evidence in this case fails to show that the above conditions have been met. Therefore, this court can find no liability on Mr. Gilbert's part to Visa for the charges made by Ann.

John Gilbert's liability to Ann is the subject of a cross-claim filed by Ann. The claim is founded on a father's responsibility to provide necessaries for his minor child under R.C. 3103.03, which requires a husband to support his wife and minor children out of his property or by his labor. The statute continues:

"* * * If he neglects to support his wife, any other person, in good faith, may supply her with necessaries for her support, and recover the reasonable value thereof from the husband * * *."

There are two reasons why the court finds the cross-claim to be invalid. The first is that, oddly enough, R.C. 3103.03 does not create a statutory cause of action in favor of a third person against a husband for the supply of necessaries to his minor child. The second is that even if R.C. 3103.03 were to apply or that a common-law right to such a recovery did exist, the court does not believe that the items purchased by Ann Gilbert were "necessaries." In this respect, we point out that items, the retail price for which total $1,166.22, were purchased within an approximate period of four weeks, and that two items were listed on the sales slips as "men's furnishings" and one was for some type of "beauty" treatment. Without the benefit of the testimony of Ann Gilbert or her mother in this case, the court rejects the claim that the items purchased by Ann were "necessaries" defined in *Smith* v. *Sutter* (1951), 90 Ohio App. 320 [47 O.O. 427], as meaning food, medicines, clothing, shelter or personal services as are usually considered reasonably essential for the preservation and enjoyment of life.

Judgment is ordered in favor of Visa against John Gilbert in the amount of $89.88, and against Ann Gilbert in the amount of $1,166.22, both with interest and costs in proportion to the amount of the judgment against each. Judgment is entered for John Gilbert on the cross-claim. The court finds this an inappropriate case for an award of punitive damages and attorney fees and declines to award same.

*Judgment accordingly.*