ELDER-BEERMAN, APPELLEE, *v.* NAGUCKI, APPELLANT.

(No. L-88-047—Decided September 9, 1988.)

*Donald T. Ciepichal,* for appellee.
*Joseph Westmeyer, Jr.,* for appellant.

*Per Curiam.* This is an appeal from the Toledo Municipal Court. Appellee, Elder-Beerman, sued appellant, Robert Nagucki, on an account due for purchases made on his Elder-Beerman credit card. Nagucki defended alleging that the purchases were made without his authorization. After a trial to the court, Elder-Beerman was granted judgment in the amount of $1,870.92. From this judgment Nagucki has timely brought this appeal, stating two assignments of error:

"1. The Trial Court errored [*sic*] in granting judgment to the plaintiff when it failed to meet its burden of proof."

"2. The Court errored [*sic*] in (once having found the appellant liable) rendering a judgment in excess of $50.00."

The law applicable to this case is found at Section 1643(b), Title 15, U.S. Code, which states, in part,

"In any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use was authorized * * *."

The evidence produced by Elder-Beerman in the trial of this case was insufficient to meet this burden of proof. Elder-Beerman presented evidence that Nagucki's credit card was used in January and February 1986 for various purchases totaling $1,389.52. Each sales slip bore the signature of either Mrs. Robert Nagucki or Mrs. Lynne Nagucki. In reality, the purchases were made by Lynne Morris, a girlfriend of Nagucki.

The bills for the January and

February purchases were sent to 3141 Winston Avenue. Prior to January 1986, Nagucki's Elder-Beerman credit card billings were sent to him at his business address on Arlington Avenue. Nagucki did not change his billing address with Elder-Beerman and Elder-Beerman could not explain how, why, or by whom the billing address was changed to the Winston address. In January and February 1986, Lynne Morris resided at the Winston address.

Nagucki denied authorizing these purchases and stated that he was unaware that his credit card was not in his possession until September 1986 when a collection agency contacted him concerning an outstanding balance of $1,870.92. Further, Nagucki never received a bill for these purchases at his Arlington Avenue address. Nagucki testified that he notified Elder-Beerman that his credit card was stolen in September 1986 as soon as the collection agency contacted him regarding the outstanding balance. Elder-Beerman testified that there is no record of such a report.

Elder-Beerman further presented evidence that Nagucki knew Lynne Morris, and was in fact her boyfriend. Further evidence was presented that Nagucki had, on occasion, helped Morris pay her utility bills and allowed her to use his gasoline credit card. Finally, Elder-Beerman presented evidence that Nagucki never reported the theft of his credit card to the police.

Glaringly absent from Elder-Beerman's case was any evidence that Nagucki authorized Morris' use of his credit card. Morris was not called as a witness to testify that she had been given consent to use Nagucki's credit card. A case very similar to the one presently under consideration was decided by the Hamilton County Municipal Court. In *Fifth Third Bank/VISA* v. *Gilbert* (1984), 17 Ohio Misc. 2d 14, 17 OBR 406, 478 N.E. 2d 1324, the court stated:

"While the common-law doctrine of ostensible or apparent authority may have a bearing on a case such as this, it is clear that apparent authority on the part of the agent cannot be established solely by the conduct of the agent, but must be traced to some act of the principal which clothed the agent with apparent authority." *Id.* at 15, 17 OBR at 408, 478 N.E. 2d at 1326.

In the instant case, no evidence of any act of Nagucki was presented which would give Morris actual or even apparent authority to use his Elder-Beerman credit card. We therefore find appellant's first assignment of error well-taken.

We find that appellant's second assignment of error is rendered moot by our disposition of his first assignment of error and therefore find it not well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Toledo Municipal Court is reversed. Costs assessed against appellee.

*Judgment reversed.*

RESNICK, P.J., CONNORS and HANDWORK, JJ., concur.