The STATE of Ohio, Appellee,

v.

LAUB, Appellant.

[Cite as *State v. Laub* (1993), 86 Ohio App.3d 517.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920241.

Decided Feb. 24, 1993.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellee.

*Jack C. Rubenstein,* for appellant.

---

*Per Curiam.*

On May 24, 1991, a motor vehicle being operated by Hal B. Laub ("appellant") left the roadway, passed over the curb, and broke a pole supporting a pedestrian control signal. The pole and the attached signal fell on a seven-year-old child who was on his way to a nearby school. The child sustained injuries which caused his death within a short period of time. The scene of the accident was within a marked school zone and the accident occurred during the restricted hours while children were on their way to school.

The appellant was indicted for aggravated vehicular homicide, R.C. 2903.06. The jury returned a verdict finding the appellant guilty "as charged in the indictment." [1]

In his appeal, the appellant advances four assignments of error. None of the assigned errors has merit and we affirm the judgment of the trial court.

### First Assignment of Error

■ Initially, the appellant contends that the jury was erroneously permitted to hear evidence of his lack of liability insurance.

One of the essential elements that the state had to prove was that the appellant operated the motor vehicle involved in this incident and that fact had not been stipulated. The first witness called by the prosecution was the mother of the child who was present when the incident occurred. She was asked, on direct examination, what, if anything, the appellant had said when he got out of the vehicle. She replied by quoting the appellant's statement that he had no insurance and that she did not hear him make any other statement. The objection of defense counsel was overruled.

■ Evid.R. 411 provides that evidence relative to liability insurance is not admissible on the issue of a person's negligence or other wrongful conduct. However, the rule expressly does not require the exclusion of evidence of liability insurance when it is offered for another purpose such as ownership or control, if that fact is controverted. As previously noted, there was no stipulation that the appellant was in control of the vehicle involved in the fatal injury. His plea of not guilty placed ownership and control in issue. The jury was entitled to hear the subject statement for whatever help it would be in deciding the disputed fact. The conditions mandating exclusion as noted in Evid.R. 403(A) are not present in the case that we review. Finally, rulings on the admission or exclusion of evidence are committed to the sound discretion of the trial judge. The record of this case does not support a charge of abuse of discretion. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 1 OBR 125, 437 N.E.2d 1199.

---

1. The indictment contained a specification to the single count of causing physical harm to the child. Aggravated vehicular homicide is classified as an aggravated felony of the third degree under R.C. 2903.06 as it existed at the time of the offense in the instant case. An indefinite period of confinement is authorized as the penalty for an aggravated felony of the third degree without the necessity of including the specification of causing physical harm. R.C. 2941.143. The contrary holding in *State v. Kavlich* (1986), 33 Ohio App.3d 240, 515 N.E.2d 652, motion for leave to appeal overruled (May 6, 1987), No. 87–194, was based on the law as it existed earlier when aggravated vehicular homicide was classified as a fourth-degree felony.

■■■■■■■■■■

## Second Assignment of Error

■ This assignment of error also challenges the exercise of judicial discretion in admitting opinion evidence of the speed of the vehicle when, allegedly, the witness was incompetent to testify on that fact. This assignment of error is likewise without merit.

The probative effect of the evidence as to speed is minimal under the facts as reflected by the record of the case on review. As we discuss at greater length in the next assignment of error, the mechanical condition of appellant's vehicle was more probative of the reckless causing of the death of the child than was the speed of the vehicle. Further, the record does not reflect the presence of the indicia of abuse of judicial discretion. *Pembaur, supra.*

## Third Assignment of Error

■ The appellant contends that there was insufficient evidence for the jury reasonably to find that he recklessly caused the death of the child and that the court therefore erred in overruling his motion for acquittal pursuant to Crim.R. 29.

He presents the following as the issue for review under this assignment of error:

"Whether the act of operating a motor vehicle which is unroadworthy, or has bad brakes, constitutes acting 'recklessly' as defined in R.C. 2901.22(C)."

Counsel have advised the court that this is a case of first impression in Ohio and our research tends to support that advice.

Most of the reported cases in which the charge is aggravated vehicular homicide involve the condition of the driver as opposed to the condition of the vehicle. See, *e.g., State v. Chippendale* (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134; *State v. Jones* (1985), 18 Ohio St.3d 116, 18 OBR 148, 480 N.E.2d 408; *State v. Runnels* (1989), 56 Ohio App.3d 120, 565 N.E.2d 610; *State v. Mahoney* (1986), 34 Ohio App.3d 114, 517 N.E.2d 957; *State v. Kavlich, supra; State v. Gates* (1983), 10 Ohio App.3d 265, 10 OBR 379, 462 N.E.2d 425.

The record contains evidence from which the jury could reasonably conclude that the appellant recklessly caused the death of the child based upon the appellant's education and occupation as an automotive mechanic and, also, upon the uncontradicted evidence of structural and mechanical deficiencies of the vehicle he was operating. Those defects include a nonfunctioning brake, inadequate brakes on the remaining wheels, no emergency brake, leaking master cylinder, and impaired steering. Other factors not directly related to the homicide but which the jury may have found probative in ascertaining the culpable mental state, that is recklessly causing the death of another, included a

leaking fuel tank, outside rear view mirrors missing on both sides, a missing exhaust pipe and the floor rusted through in two places.

The conclusion is inescapable, from this record, that the appellant was operating an unroadworthy vehicle. While not expressly admitting that the vehicle was unroadworthy or denying the existence of the conditions noted in the preceding paragraph, the appellant asserted that he thought he was able to compensate for the shortcomings of his vehicle.

The trial judge instructed the jury, properly, on the culpable mental state of "recklessly." In addition, the jury was instructed on the elements of the lesser included offense of vehicular homicide including the culpable mental state of "negligently." The appellant specially requested that the court give the instruction on recklessness as contained in Ohio Jury Instructions. That request was granted. The appellant also requested an instruction on the meaning of "perverse" and "perversely." That request was denied.

"The adjective 'perverse' and the adverb 'perversely' are not words so arcane, so unusual or used so rarely in written or verbal exchanges as to be beyond the comprehension of ordinary citizens. Consequently, the court was under no duty to provide, specially, a definition of the terms." *State v. Mahoney, supra,* 34 Ohio App.3d at 120, 517 N.E.2d at 963.

■ Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. The third assignment of error is overruled.

### Fourth Assignment of Error

■ In the final assignment of error, the appellant claims prejudicial error resulting from questions by the prosecutor relative to the appellant's prior traffic offenses. This assignment of error is meritless.

The appellant responded to a question by the prosecuting attorney that he, the appellant, observed the speed limit "because [he] had learned [his] lesson." The prosecuting attorney pursued the circumstances implicit in the appellant's reason for observing the speed limit. That pursuit took at best one and one-half pages of a transcript that otherwise consisted of four hundred eighty pages. Defense counsel's objection to this line of cross-examination was sustained and the jury was given the standard instruction not to speculate on the answer to any question to which an objection was sustained.

In view of the overwhelming evidence of the appellant's guilt and the ruling of the case, the conviction cannot be reversed. *State v. Wilson* (1972), 30 Ohio St.2d 199, 204, 59 O.O.2d 220, 222–223, 283 N.E.2d 632, 636.

The judgment from which this appeal is taken is affirmed.

*Judgment affirmed.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.