UNIVERSAL BANK, Appellant,

v.

McCAFFERTY, Appellee.

[Cite as *Universal Bank v. McCafferty* (1993), 88 Ohio App.3d 556.]

Court of Appeals of Ohio,
Summit County.

No. 15953.

Decided July 7, 1993.

*Scott S. Weltman,* for appellant.

*Patrick J. D'Andrea* and *Nancy Grimm,* for appellee.

Cook, Presiding Judge.

Universal Bank ("Universal") appeals the trial court's judgment that James E. McCafferty's ("McCafferty") liability on a credit card contract with Universal was $50. We affirm.

In April 1991, McCafferty applied for and received a Mastercard credit card from Universal. Objecting to the family having another credit card, McCafferty's wife returned the cards to Universal. McCafferty then called Universal and asked them to reissue the card but to send it to a different address. McCafferty gave Universal his friend's address and Universal sent the card and the personal identification number for the automatic teller machines to that address. After telling his friend that the card would be coming in the mail, McCafferty asked the friend to notify him upon its arrival. McCafferty's friend, however, did not notify him when the card came but instead used it for purchases and cash advances totaling $3,800.

Universal then called McCafferty and inquired as to when payment would be made. McCafferty told Universal that he would pay them when his friend paid him. McCafferty's friend never paid him and Universal sued McCafferty to recover the credit card charges. The trial court found that the credit card charges were unauthorized and awarded Universal $50 on the credit card contract.

Universal appeals, assigning two errors.

### Assignment of Error No. I

"The trial court errored [*sic* ] in not finding that apparent authority existed for the use of the credit card and therefore defendant-appellee was liable."

██ "In any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use was authorized * * *." Section 1643(b), Title 15, U.S.Code. Section 1643(a), Title 15, U.S.Code limits the liability of a credit cardholder for the unauthorized use of the credit card to $50. "Unauthorized use" is defined in Section 1602(*o* ), Title 15,

U.S.Code as "a use of a credit card by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." Thus, the issue is whether the use of the credit card is authorized or unauthorized and state agency law must be used to answer this issue. *Society Natl. Bank v. Kienzle* (1983), 11 Ohio App.3d 178, 182, 11 OBR 271, 275, 463 N.E.2d 1261, 1265, quoting *Transamerica Ins. Co. v. Standard Oil Co.* (N.D.1982), 325 N.W.2d 210, 213–214.

▇ Universal contends that McCafferty and his friend had an agency relationship based on apparent authority. Apparent authority is not established by the conduct of the agent, but by acts of the principal which cloak the agent with apparent power to bind the principal. *Elder–Beerman v. Nagucki* (1988), 55 Ohio App.3d 10, 11, 561 N.E.2d 553, 555, quoting *Fifth Third Bank/Visa v. Gilbert* (1984), 17 Ohio Misc.2d 14, 15, 17 OBR 406, 408, 478 N.E.2d 1324, 1326. Universal claims that McCafferty's act of requesting that the credit card be sent to his friend's address clothed his friend with apparent authority.[1] We disagree. While McCafferty authorized Universal to send the card to his friend's address, that did not authorize use of the card by the addressee. The mere authorization to mail a credit card to a certain address cannot be expanded to encompass the apparent authorization to charge on that credit card. Based on the record before this court, no act of McCafferty can be said to have facilitated a mistaken belief that the friend was authorized to use his credit card; therefore, the trial court did not err in finding that the charges on McCafferty's credit card were unauthorized.

Universal's first assignment of error is overruled.

### Assignment of Error No. II

"The trial court errored [*sic*] in not finding that defendant-appellee ratified Wade's acts in using the card, therefore leading to defendant-appellee's liability."

▇ With this assignment of error, Universal contends that the trial court erred in not finding that McCafferty ratified the charges that his friend made. The record presented by Universal includes nothing regarding a ratification argument. Unless the record shows that an argument was presented to the trial

---

1. Universal also asserts that McCafferty lied to them by telling them that the address he was giving them was his business address when in reality it was his friend's address. Universal, however, failed to provide this court with a record to support its version of the substantive facts of this case and we, therefore, must consider the findings of the court the only facts of this case. App.R. 9(B); *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238. The trial court's judgment entry did not make any reference to Universal's claim that McCafferty told Universal that the address was his business address; therefore, we will not address that issue.

court, we cannot consider it. A presumption of validity attends the trial court's action and it is the appellant's responsibility to provide this court with an adequate record to support the claimed errors. App.R. 9; *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385; *Volodkevich, supra.* Thus, this issue is not properly before this court.

The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and DICKINSON, JJ., concur.