DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entered by the Scioto County Common Pleas Court overruling motions for "jail time credit" and to "vacate fines and court costs" filed by Dale Robinson, defendant below and appellant herein. The following errors are assigned for our review:
 FIRST ASSIGNMENT OF ERROR: "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JAIL TIME CREDIT THAT HE IS ENTITLED TO WHEN HE SERVED A COURT-SENTENCE FOR TREATMENT CONFINED WITHIN NEW BEGINNINGS RECOVERY SERVICES REHABILITATION CENTER AND THE MARSH HOUSE TREATMENT OF ADDICTIONS CENTER[.]"
 SECOND ASSIGNMENT OF ERROR: "THE TRIAL COURT ERRED WHEN IT IMPOSED A MANDATORY FINE IN APPELLANT'S CONVICTION[.]"
A brief summary of the facts pertinent to this appeal is as follows. On October 15, 1992, the Scioto County Grand Jury returned an indictment charging appellant with seven (7) counts of drug trafficking in violation of R.C. 2925.03. He initially pled "not guilty" to these charges, but later reached an agreement with the prosecution whereby he pled "guilty" on four (4) counts in exchange for dismissal of the other three (3) counts. The trial court then entered judgment on May 14, 1993, sentencing him to prison terms of three (3) to fifteen (15) years on two of the counts to which he pled guilty (to be served consecutively to one another) and one and a half (1 1/2) year prison terms on the other two counts (to be served concurrently but consecutively with the other sentences). Appellant was also given "mandatory fines" as well as "general fines" on each of the four (4) counts and was ordered to pay court costs. No appeal was ever taken from that judgment.
On October 15, 1993, the trial court granted appellant "five years conditional probation." Such probation was premised on the condition that he inter alia "submit to random drug testing and attend alcohol and substance abuse counseling." This condition was apparently somewhat problematic for him as he tested positive for cocaine use both in 1995 and in 1997. Further, on April 19, 1996, appellant was convicted of domestic violence in the Portsmouth Municipal Court. These factors, as well as a failure to report to the probation department for the previous two (2) months, led to the issuance of an order for his arrest citing probable cause for the revocation of his probation.
The matter came on for an evidentiary hearing in February of 1997. There is no transcript of that proceeding in the record before us but it appears that appellant admitted that he violated his probation conditions. Judgment was entered on February 6, 1997 revoking that probation and reimposing the prison terms to which he was originally sentenced in 1993 with "credit for 50 days served." Again, no appeal was taken from that judgment.
On January 10, 2000, appellant filed his "motion for jail time credit pursuant to [R.C. 2967.191]."[1] He argued that he had received drug treatment and/or counseling at the "New Beginnings Recovery Services" in Mansfield, Ohio, (from 5-21-93 to 10-6-93) and "The Marsh House" in Portsmouth, Ohio, (from 12-15-95 to 1-29-96) and that he was entitled to have the time he spent at these facilities credited against "the ultimate sentence imposed by the trial court."[2] He asked that the court amend its sentencing entry to reflect this time and that such amended entry be forwarded to the Department of Rehabilitation and Correction. Appellant also filed a "motion to vacate fines and court costs" assessed against him in the original 1993 sentencing entry. His argument was that he had filed an affidavit of indigency when he was first charged with the trafficking offense(s) and that the trial court should have held a hearing to determine whether he was able to pay those sums before imposing judgment to that effect.
The State filed nothing in opposition to these motions and, on January 24, 2000, the trial court overruled both motions. The trial court made no comment regarding appellant's motion for "jail time credit" but, with respect to the motion to "vacate fines and court costs," it noted that he could "make reasonable payments . . . based on his financial" condition. This appeal followed.
 I
We first consider, out of order, the second assignment of error wherein appellant argues that the "[t]rial court erred when it imposed a mandatory fine in [his] conviction[.]" It should be noted at the outset that on March 6, 1996, the trial court filed a judgment entry vacating "the mandatory fines previously ordered herein." Thus, even assumingarguendo that any error occurred under the court's original imposition of the mandatory fines, that error was rendered moot by the subsequent order vacating the fines. The second assignment of error is therefore overruled.[3]
 II
We now return to the first assignment of error wherein appellant argues that the trial court erred in denying him "jail time credit" for the time he spent at the "New Beginnings" and "Marsh House" drug rehabilitation centers. There are a number of problems with this argument which ultimately lead us to conclude that no error exists in the trial court's decision to deny his motion.
First, it does not appear that this issue was raised in a timely or a proper fashion. The trial court's February 6, 1997 judgment entry reimposed the original sentence with a "credit for 50 days served." If there was any error in that judgment, then the judgment should have been appealed at that time. The issue of crediting a sentence with jail time served is one which should be raised on direct appeal. See State v.Thorpe (Jun. 30, 2000), Franklin App. Nos. 99AP-1180 to 99AP-1187, unreported; State v. Flynn (Nov. 7, 1997), Ashtabula App. No. 96-A-0079;also see State ex rel. Jones v. O'Connor (1999), 84 Ohio St.3d 426,704 N.E.2d 1223, 1224 (an appeal is regarded as an adequate remedy by which to review sentencing errors in failing to calculate correct jail time credit). Clearly, that did not happen here and it is highly questionable whether appellant should be permitted, nearly three (3) years later, to challenge that judgment.
Some courts have held that in addition to a direct appeal, errors in calculating jail time credit may be raised by means of a "motion for correction" so long as the appellant is alleging a mere mistake in the calculation of the credit rather than an erroneous legal determination.See State ex rel. Corder, v. Wilson (1991), 68 Ohio App.3d 567, 573,589 N.E.2d 113, 117-118; also see State v. Fincher (Mar. 31, 1998), Franklin App. No. 97APA08-1084, unreported; State v. King (Apr. 6, 1994), Summit App. No. 16512, unreported. This does hot help appellant's case, however, as a review of his motion below reveals no allegation of any mistake on the part of the trial court in its 1997 judgment. The gist of his argument is that he is simply entitled to the jail time credit and that it was wrongfully denied him. This is an argument which should have been raised on direct appeal and it would be improper to allow him to raise it now at this late date.
Additionally, even if the matter had been raised in a timely and correct fashion, we are still not persuaded that there was any error in denying appellant's motion. The time that he spent at the "Marsh House" in Portsmouth, Ohio, from 12-15-95 to 1-29-96, was after he had been granted "conditional probation" by the trial court. It is therefore unclear to us whether he was actually "confined" to that facility for purposes of R.C. 2967.191. We would also point out that there is nothing in the record which definitively shows that his time at the "New Beginnings" center arose out of the offense for which he was convicted in the cause sub judice. There is also some question in our minds as to that portion of the February 6, 1997 entry which does, in fact, credit appellant for "50 days served." The trial court gives no explanation for that credit and none is immediately apparent to us on the record.
It may well be that some of these questions were addressed at the revocation hearing. Unfortunately, however, there is no transcript of that proceeding before this Court. It is axiomatic that the appellant is the one who bears the burden of having the necessary transcripts prepared and filed in a case. Universal Bank v. McCafferty (1993),88 Ohio App.3d 556, 559, 624 N.E.2d 358, 360; Steiner v.Steiner (1993), 85 Ohio App.3d 513, 524, 620 N.E.2d 152,159. Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of the appellee. State ex rel.Montgomery v. R D Chem. Co. (1995), 72 Ohio St.3d 202, 204,648 N.E.2d 821, 822; Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564, 566. When transcripts necessary for the resolution of assigned errors are omitted from the record, a reviewing court has nothing to pass on and, thus, has no choice but to presume the validity of the trial court's judgment and affirm. Dragojevic-Wiczen v. Wiczen (1995),101 Ohio App.3d 152, 156, 655 N.E.2d 222, 225; Volodkevichv. Volodkevich (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237,1238-1239; Columbus v. Hodge (1987), 37 Ohio App.3d 68,523 N.E.2d 515, 516. It is not entirely clear to us how the trial court calculated the fifty (50) day credit for time served or whether the court ever considered appellant's time at "New Beginnings" and the "Marsh House." However, in the absence of a transcript of the revocation hearing, we must presume that these matters were considered and correctly resolved by the trial court. The second assignment of error is therefore overruled.
Having considered both of the errors assigned and argued in the briefs, and fining merit in neither of them, the judgment of the trial court is hereby affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
 ___________________________ Peter B. Abele, Judge
[1] The provisions of R.C. 2967.191 state, in pertinent part, that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner . . . by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced . . ." (Emphasis added.)
[2] Appellant attached copies of letters from each facility as an exhibit to his motion documenting the amount of time spent at those institutions.
[3] Appellant does not raise in this assignment of error the issues of court costs or the "general" fines that he was ordered to pay and, thus, we do not address them.