[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant John Wedge was charged with two counts of assault in violation of R.C. 2903.13(A)(3). Following a jury trial, Wedge was convicted of one count of assault, a fourth-degree felony. The trial court imposed an eighteen-month sentence, the maximum penalty for the assault conviction. On appeal, Wedge asserts four assignments of error, none of which we find to be well taken.
In his first assignment of error, Wedge challenges the weight of the evidence. In his third assignment of error, Wedge claims the trial court committed reversible error when it permitted the jury to hear an audiotape containing police broadcasts at the time of his alleged assault. Wedge argues that the tape was a police record prohibited under Evid.R. 803(8) because it contained observations made by police officers in a confrontational context. But we are constrained to conclude that the errors alleged in each assignment are not demonstrated in the record, because we do not have a complete transcript of the proceedings below.
App.R. 9 requires that "proceedings recorded by means other than videotape must be transcribed into written form."[1] An appellant bears the burden of having the necessary transcripts prepared and filed on appeal.[2] Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal inures to appellant's disadvantage rather than to the disadvantage of the appellee.[3] Thus, when transcripts necessary for resolution of assigned errors are omitted from the record, a reviewing court has nothing to pass upon and no choice but to presume the validity of the lower court's determination and affirm.[4]
In this case, Wedge had the responsibility to make sure that all the evidence before the trial court was properly transmitted to this court. That included the duty to have the audiotape of the police broadcasts, which was played for the jury, transcribed for our review. The record transmitted to this court contains no transcription of the audiotape, only the tape itself. Without the transcript of the audiotape before us, we are unable to say that the trial court's introduction of a police officer's testimony on the audiotape violated Evid.R. 803(8),[5] and we are prevented from concluding that the jury's verdict was against the manifest weight of the evidence.[6] As a result, we must presume the validity of the lower court's determination to admit the evidence as well as the jury's weighing of the evidence. Accordingly, we overrule Wedge's first and third assignments of error.
In his second assignment of error, Wedge argues that he was denied a fair trial because the prosecutor raised allegations of other bad acts by Wedge in opening arguments, and because police testimony was presented relating to Wedge's actions after his arrest, in violation of Evid.R. 404. The state contends that the remarks made during the prosecutor's opening statement did not deprive Wedge of a fair trial because the trial court instructed the jury on more than one occasion that opening statements were not evidence. The state further argues that the police testimony regarding Wedge's actions after his arrest did not deprive him of a fair trial because the trial court sustained Wedge's objections and issued a curative instruction to the jury. We agree with the state.
The record demonstrates that, in his opening statement, the prosecutor commented on Wedge's conduct after he was arrested for assaulting two police officers. He stated that Wedge was "wild to the point where they had to call a scout car and strap him onto a gurney," and that he was cussing at the officers, was "combative" and "nasty," and was "biting and chewing on" an officer's shoe during his trip to the Justice Center. Wedge's attorney objected to the prosecutor's remarks, and the trial court instructed the jury that the prosecutor's opening statement was not evidence, but merely a preview of the evidence to be presented at trial. Given the fact that opening statements are not evidence,[7] and that the trial court so informed the jury at the time of the prosecutor's statements, Wedge has failed to demonstrate how these comments denied him a fair trial.
As for the police testimony regarding Wedge's actions after his arrest, the record demonstrates that Wedge's attorney repeatedly objected to this testimony at trial. The trial court sustained all but one of the objections and even told the jury to disregard the police officer's testimony. Given that Wedge's objections were sustained and that the jury was given an appropriate curative instruction, Wedge cannot demonstrate that these comments denied him a fair trial.[8] Because there is nothing in the record to indicate that the jury failed to follow the trial court's instructions to consider only the evidence presented at trial, we overrule his second assignment of error.
In his fourth assignment of error, Wedge argues that the trial court erred in sentencing him to the maximum period of incarceration when it failed to make the sentencing findings required by R.C. 2929.14(C). We disagree.
A defendant is entitled, pursuant to R.C. 2953.08(A)(1) and (4) to appeal as of right the maximum sentence imposed for his offense. Assault upon a peace officer is a fourth-degree felony under R.C. 2903.13(A)(3), for which a trial court may impose a prison term of six to eighteen months.[9] To impose the maximum sentence, a trial court must make one of the following findings: (1) that the offender committed the worst form of the offense; (2) that the offender poses the greatest likelihood of recidivism; (3) that the offender is a repeat violent offender; or (4) that the offender is a major drug offender.[10] In addition, the trial court must give reasons supporting the maximum prison term.[11] This court has stated that the sentencing statutes do not "require talismanic words from the sentencing court" as long as the reasons for the sentence are apparent from the record.[12]
Having reviewed the record, including the sentencing worksheet, the transcript of the sentencing hearing, and the presentence-investigation report, we are convinced that the trial court imposed the maximum sentence because it found, pursuant to R.C. 2929.14(C), that Wedge posed the greatest likelihood of recidivism. Although the trial court did not make any marks on the sentencing worksheet under the criteria for imposing the maximum sentence, the trial court stated during sentencing that Wedge had a "very bad record," that he had been in prison numerous times, and that he was on parole when he assaulted the police officer. These references were sufficient to constitute a finding that Wedge posed the greatest likelihood of recidivism. Thus, the trial court's imposition of the maximum sentence was appropriate, and the record clearly and convincingly supports the sentence. As a result, we overrule Wedge's fourth assignment of error. We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] See State ex rel. Seigler v. Rone (1975), 42 Ohio St.2d 361,363, 328 N.E.2d 811, 813.
[2] See Universal Bank v. McCafferty (1993), 88 Ohio App.3d 556,559, 624 N.E.2d 358, 360; Steiner v. Steiner (1993), 85 Ohio App.3d 513,524, 620 N.E.2d 152, 159-160.
[3] See State ex rel. Montgomery v. R D Chem. Co. (1995),72 Ohio St.3d 202, 204, 648 N.E.2d 821, 822; Rose Chevrolet Inc. v.Adams (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565-566.
[4] See State v. Aria (Dec. 8, 2000), Hamilton App. No. C-990848, unreported; State v. Olverson (Dec. 6, 2000), Hamilton App. No. C-000185, unreported; State v. Baker (Nov. 29, 2000), Hamilton App. No. C-000111, unreported.
[5] See fn. 4, supra. Cf. State v. Lane (1988), 49 Ohio App.3d 158,159, 551 N.E.2d 994, 995 ("Because the [audio]tape is an exhibit, and not part of the trial court proceedings, it is not required to be transcribed pursuant to App.R. 9(A).")
[6] See Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66,430 N.E.2d 935; McRoberts v. Value City, Inc. (Sept. 23, 1987), Hamilton App. No. C-860855, unreported.
[7] See State v. Frazier (1995), 73 Ohio St.3d 323, 338, 652 N.E.2d 1000,1013.
[8] See State v. Laub (1993), 86 Ohio App.3d 517, 521-22, 621 N.E.2d 585,588; State v. Loza (1994), 71 Ohio St.3d 61, 74, 641 N.E.2d 1082, 1100;State v. Henderson (1988), 39 Ohio St.3d 24, 33, 528 N.E.2d 1237,1246.
[9] See R.C. 2929.14(A)(4).
[10] See R.C. 2929.14(C).
[11] See R.C. 2929.19(B)(2)(d); State v. Edmonson (1999),86 Ohio St.3d 324, 328-329, 715 N.E.2d 131, 135.
[12] See State v. Bullocks (Feb. 23, 2000), Hamilton App. Nos. C-990312, and C-990313, unreported; State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported; State v. Taylor (Dec. 26, 1997), Hamilton App. No. C-961141, unreported.