OPINION
{¶ 1} Dwion A. Wasson was indicted by a Franklin County grand jury on September 7, 2001, on multiple charges following an August 28 traffic catastrophe culminating in the deaths of two children and injuries to numerous others. Wasson, the driver of a vehicle which went disastrously astray on a Columbus residential street, was indicted on nine counts: two counts of aggravated vehicular homicide, felonies of the third degree; four counts of vehicular assault, felonies of the fourth degree; one count of failure to stop after an accident, a felony of the fifth degree; and, two counts of endangering children, misdemeanors of the first degree.
{¶ 2} The latter-referenced charges, endangering children, arose from the fact that Mr. Wasson had two young passengers in the vehicle with him when the collision occurred. The homicide and assault charges resulted from Wasson's vehicle colliding with six people — five children and one adult — who were outside at the time; the children had been playing in a yard and an adult woman was on a porch. When Wasson's vehicle struck this porch, he fled on foot to a nearby house where he was soon apprehended; this latter action gave rise to the remaining count charging him with failing to stop after an accident. Additional details of this tragic chain of events are discussed below.
{¶ 3} A jury trial commenced on January 8, 2002. On January 16, 2002, the jury returned the following verdicts: not guilty of both aggravated vehicular homicide counts but guilty of two counts of the stipulated lesser-included offense of vehicular homicide (first-degree misdemeanors); guilty of all four counts of vehicular assault; not guilty of failing to stop after the accident; and, finally, guilty of both counts of endangering children.
{¶ 4} The trial court proceeded to sentencing the following day, January 17, 2002. The court imposed the following terms of imprisonment, each of which being the maximum allowable sentence pursuant to statute: six months on each of the two vehicular homicide convictions, to be served consecutively to each other; 18 months on each of the four vehicular assault convictions, also to be served consecutively to each other; and, six months each for the two endangering children convictions, again to be served consecutively to each other. The sentencing entry further indicates that the sentences imposed for the two vehicular homicide convictions are to be served consecutively to the sentences imposed for the endangering children convictions, and that those sentences would run concurrently with the remaining sentences (18 months each) imposed for the vehicular assaults. Thus, the court imposed an aggregate total of six years' imprisonment. The court also imposed a five-year driver's license suspension, to commence August 29, 2006. The convictions and sentence were journalized pursuant to a nunc pro tunc entry filed January 25, 2002.[1]
{¶ 5} Dwion A. Wasson ("appellant") appeals two portions of his convictions, assigning the following errors for our consideration:
{¶ 6} "First Assignment of Error
{¶ 7} "The trial court erred by entering judgment of conviction for aggravated [sic] vehicular assault where the State failed to prove the element of recklessness.
{¶ 8} "Second Assignment of Error
{¶ 9} "The trial court erred by entering judgment of conviction for child endangering."
{¶ 10} Before addressing the assigned errors, we look to the record to ascertain the essential facts as adduced at trial, many of which a re not disputed.
{¶ 11} At approximately 4:00 in the afternoon of August 28, 2001, appellant borrowed a vehicle belonging to his girlfriend, Kelly Carver, to drive to a convenience store. Ms. Carver's 12-year-old daughter, Ashley Carver, and her eight-year-old niece, Tiara W illiams, went along with appellant.
{¶ 12} Myrtle Avenue is a narrow, one-way, residential street with parking allowed along both sides. According to several witnesses, including an accident reconstructionist employed by the Columbus Division of Police, appellant was speeding down Myrtle Avenue at rates of at least 50 miles per hour; the posted speed limit is 25 miles per hour.
{¶ 13} Appellant essentially concedes that he lost control of the car — "drifting" to the right and, trying to "correct this drift" to avoid parked cars, "oversteering" to the opposite direction. He then drove up and over a sidewalk where a group of children was playing. He ultimately collided with numerous children in the process. Two of the children, Ce-Andre D. Moss-Stanford[2] and Geoffrey Neal, were both killed. Three other children, Bruce Thompson, Nathaniel Bowers, and Jajuan McCormick, and an adult, Marion Yezzi, were injured.
{¶ 14} Appellant's vehicle continued speeding on from there, eventually striking the porch of a house and injuring Marion Yezzi, a woman who had been on the porch at the time. Appellant got out of the car, left the scene on foot, and was apprehended at a house not far from the site of the accident scene on Myrtle Avenue.
{¶ 15} The defense conceded the irrefutable that appellant's driving resulted in the deaths of two children and injuries to other children and one adult. However, the defense theory of the case was that appellant was, at most, negligent; the incident was the result of an accident, caused perhaps by faulty brakes. The state's theory of the case was just as straightforward that appellant drove in such a wanton, reckless fashion that his conduct was far more than accidental or negligent.
{¶ 16} There was testimony revealing that appellant had driven his girlfriend's car several times prior to the date of the accident and knew that the speedometer did not work. Moreover, he also believed that there was a problem with the car's brakes. The two children who were passengers in the vehicle that day both testified at trial that during the fray, appellant was screaming about the brakes not working, honking the horn, and yelling to people to move out of the way.
{¶ 17} Turning now to appellant's first assignment of error, he contends that the trial court erred in sustaining the jury's verdict finding him guilty of the four counts of "aggravated" vehicular assault because the prosecution failed to prove the requisite "recklessness" element.
{¶ 18} Preliminarily, we note that the parties' briefs filed in this case consistently refer to these offenses as "aggravated" vehicular assaults. To be precise, however, appellant was charged with, convicted of, and sentenced for vehicular assault, not "aggravated" vehicular assault. The statute at issue, R.C. 2903.08, provides, in pertinent part:
{¶ 19} "(A) No person, while operating * * * a motor vehicle, * * * shall cause serious physical harm to another person * * * in e ither of the following ways:
{¶ 20} "(1) As the proximate result of committing a violation of division (A) of section 4511.19 * * * [operating a motor vehicle while under the influence of alcohol or a drug of abuse, h ereinafter "OMVI"];
{¶ 21} "(2) Recklessly." (Emphasis added.)
{¶ 22} Pursuant to R.C. 2903.08(B)(1), aggravated vehicular assault, generally a third-degree felony, is committed only under provision (A)(1) causing serious physical harm as a result of committing an OMVI violation. Appellant was never accused of committing an OMVI offense; thus, "recklessness" was the only theory and charge upon which he could be convicted.
{¶ 23} The jury did convict appellant under that provision with which he was charged: R.C. 2903.08(A)(2) — recklessly causing serious physical harm. Pursuant to subsection (B)(2), the offense is vehicular assault, a felony of the fourth degree.[3]
{¶ 24} Unlike the aggravated vehicular homicide/vehicular homicide statute, R.C. 2903.06[4], its "assault" counterpart (the aggravated vehicular assault/vehicular assault statute set forth above) contains no provision for a "negligent" culpable mental state. As a result, a defendant can, as did appellant, be found to have been merely negligent in committing the vehicular homicides and, concomitantly, reckless — i.e., more culpable — in the assaults arising out of the same course of conduct. Simply put, the net effect of this apparent legislative lapse is that a defendant such as appellant may be penalized more for a vehicular assault than for a vehicular homicide. While such an internal inconsistency might defy common sense, the statutory scheme as it currently exists, and case law addressing apparent "inconsistent" jury verdicts, allows for such a situation.[5] See. e.g.,State v. Lovejoy (1997), 79 Ohio St.3d 440.
{¶ 25} With respect to the vehicular assaults, therefore, the jury had only two options: finding that appellant acted "recklessly," or simply acquitting him of all charges resulting from the injuries inflicted upon the four persons with whom he collided. In stark contrast to the vehicular homicide verdicts returned by the jury, whereby they necessarily rejected the state's argument that a ppellant drove recklessly, again, by statute no such "negligence" option was available to them when considering the vehicular assault charges.
{¶ 26} R.C. 2901.22 defines the culpable mental state of "recklessness" as follows:
{¶ 27} "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
{¶ 28} The record contains ample testimony upon which the jury could find appellant guilty of driving recklessly. Appellant submits that he was merely "negligent" because he was "only" speeding and/or the vehicle had brake problems. We reject both contentions.
{¶ 29} With regard to appellant's first assertion that his speeding gives rise only to a negligence finding (and, therefore, an acquittal), we cannot accept such a blanket assertion. To accept this proposition would be tantamount to concluding that speeding and recklessness are, as a matter of law, necessarily mutually exclusive. Excessive speed can indeed rise to the level of recklessness, particularly given the facts of this case. Driving a vehicle (which may or may not have mechanical problems of whatever nature) at speeds in excess of twice the posted limit on a narrow, residential street in a neighborhood crowded with residents outside their homes, clearly allows a trier of fact to determine that appellant operated his vehicle in a reckless manner.
{¶ 30} We also reject appellant's claim that negligence would have been a more appropriate finding since the car's brakes might have been faulty. Assuming, arguendo, that the vehicle did have mechanical problems — brakes or otherwise — we reiterate that there is testimony in the record that appellant had operated his girlfriend's vehicle numerous times before this incident occurred. Certainly, prior knowledge on appellant's part of such a problem would only render his conduct in driving the defective vehicle more culpable. See, e.g., State v. Laub (1993), 86 Ohio App.3d 517. In contrast, had the jury believed that appellant found out about the alleged brake problem only because of the accident, the jury had the option of finding appellant not guilty of the offense if the jury believed that the brakes suddenly failed and thereby caused this horrific chain of events.
{¶ 31} Given the foregoing, the trial court did not err in entering judgment in accord with the jury's verdict finding appellant guilty of vehicular assault as a result of his reckless driving.
{¶ 32} The first assignment of error is overruled.
{¶ 33} By his second assignment of error, appellant argues that the trial court erred by entering a judgment of conviction as to the two endangering children charges. In essence, therefore, appellant argues that the state failed to prove the essential elements of the offense.
{¶ 34} R.C. 2919.22 sets forth the elements of endangering children, a misdemeanor of the first degree as charged here.[6] As relevant to appellant's case, the statute provides:
{¶ 35} "(A) No person, who is the parent, guardian, custodian, person having custody or control * * * of a child under eighteen years of age * * *, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection or support."
{¶ 36} "Recklessness" is the culpable mental state for endangering children. State v. McGee (1997),79 Ohio St.3d 193.
{¶ 37} Appellant argues that there was no evidence that appellant had "custody or control of the two girls" in the vehicle with him. Additionally, raising the same argument addressed in the first assignment of error, he also contends that the state failed to prove that he acted recklessly. We readily reject both arguments.
{¶ 38} Appellant bases his first contention on the fact that the state failed to prove appellant had "custody" of the children because appellant is not their father or otherwise their legal custodian. Assuming, arguendo, the truth of that assertion, appellant does not address the alternative "control" prong of this element. There can be no doubt that appellant exercised control over these young girls over whom he assumed care when he took them with him that day, irrespective of whether or not appellant had knowledge of any mechanical problems with the vehicle. Finally, based upon this record, there is no reasonable doubt that his reckless conduct did indeed "create a substantial risk" to the children's health and safety.
{¶ 39} The second assignment of error is also overruled.
{¶ 40} Having overruled the assignments of error, the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and BRYANT, JJ,. concur.
[1] The record reveals that the need to file the January 25, 2002 nunc pro tunc entry was to amend the effective date of appellant's license suspension.
[2] Ce-Andre is referred to in the record variously as "Ce-Andre Moss" and "Ce-Andre D. Moss-Stanford."
[3] Again, the offense is "generally" a fourth-degree felony, as was appellant's charge and conviction. However, the statute provides for enhancing the offense to a third-degree felony under certain other circumstances not relevant here.
[4] R.C. 2903.06, the aggravated vehicular homicide/vehicular homicide statute, at first blush, appears to track the language of the assault counterpart, R.C. 2903.08. However, R.C. 2903.06's homicide allows for three culpable mental states with corresponding degrees of culpability: causing death as the result of committing an OMVI (aggravated vehicular homicide, generally a second-degree felony); causing death "recklessly" (also "aggravated" vehicular homicide, but generally a third-degree felony); and, most significantly here, "negligently" causing death, a first-degree misdemeanor. As indicated infra, the jury found that appellant negligently caused the deaths of the two children in this case.
[5] Appellant does not raise issues pertaining to "inconsistent" jury verdicts.
[6] As indicted, appellant's endangering children convictions were misdemeanors, pursuant to R.C.2919.22(E)(2(a). Had the children sustained "serious physical harm," the offense would have been a third-degree felony.