THE STATE OF OHIO, APPELLEE, *v.* LANE, APPELLANT.

(No. C-870238—Decided
May 25, 1988.)
(Reconsideration granted
June 20, 1988.)

*Arthur M. Ney, Jr.,* prosecuting
attorney, and *Christian J. Schaefer,*
for appellee.

*H. Fred Hoefle,* for appellant.

*Per Curiam.* This cause came on
to be heard upon an appeal from the
Court of Common Pleas of Hamilton
County.

Over a period of time appellant,
William Lane, a thirty-nine-year-old
black man, was subjected to racial
slurs by a group of young men, in-
cluding sixteen-year-old James
Hughes. Appellant also suspected that
the group had burglarized his apart-
ment. In addition, there was some
dispute over money which appellant
allegedly owed Hughes. On September
30, 1986, appellant was confronted by
the group as he returned to his apart-
ment. In the course of the altercation
that followed, appellant opened the
door to his apartment, obtained a gun,
and fired five shots, four of which
entered the body of James Hughes.
Hughes died of the wounds inflicted by
appellant.

Following the shooting, appellant
walked to a police station, discarding
the gun on the way. The gun was never
recovered. One police officer trans-
ported appellant to the homicide de-
partment in downtown Cincinnati, and
during the drive the officer secretly
recorded a conversation with appellant
about the incident. When he was later
interrogated formally at the homicide
department, appellant gave a taped
statement to police. The record reveals
that the tape was erased and restarted
twice because appellant asked about an
attorney. The police officer testified,
however, that appellant did not re-
quest the assistance of an attorney
while his statement was being taken;
according to the officer, appellant only
wanted to be sure he would be repre-
sented by an attorney at trial.

Appellant was charged with volun-
tary manslaughter, in violation of R.C.
2903.03, with a firearm specification.
A motion to suppress the statements
appellant made to police was filed. The
trial court overruled appellant's mo-
tion, and following a jury trial, ap-
pellant was found guilty as he stood
charged. Appellant filed a motion for a
new trial based upon the alleged mis-
conduct of the bailiff in communicating
with the jury during its deliberations.
A second judge heard and overruled
appellant's motion for a new trial. Sub-
sequently, the original trial judge sen-
tenced appellant as appears of record,
and this timely appeal followed.

Appellant's first assignment of
error alleges that the trial court erred
in failing to suppress appellant's ini-
tial, secretly taped statement. The
record reveals that although the
secretly taped statement was not
transcribed, the tape itself was played
for the jury. We have listened to the
tape and we find it to be completely
unintelligible. We determine that the
trial court abused its discretion in ad-
mitting an unintelligible tape into

evidence. The prejudice to appellant is palpable in that even though the tape is unintelligible, the jury may have believed it contained incriminating statements by appellant solely because it was introduced into evidence by the prosecution. Appellant's first assignment of error is sustained.

Appellant's second assignment of error, which alleges that the trial court erred in overruling appellant's motion to suppress the second statement given at the homicide department, is overruled. We find no prejudice to appellant in the admission of the second statement into evidence as the statement was exculpatory, supporting fully appellant's claim of self-defense. In addition, the record reveals that appellant was fully advised of his *Miranda* rights prior to making the statement. When appellant mentioned an attorney, the tape was stopped and the police officers explained to the appellant that if he wanted an attorney they could not take a statement from him. At that point, appellant chose to continue with the statement. We do not approve of the actions of the police officers in erasing and restarting the tape during appellant's statement; however, under the circumstances of this case, we find no prejudice to appellant in the admission of his second taped statement into evidence.

Appellant alleges as his third assignment of error:

"The trial court erred to the prejudice of appellant in denying to him the use of the decedent's prior history of juvenile adjudications to establish self-defense, in violation of appellant's right to due process of law under the Fourteenth Amendment, and to due process of law under Art. I. Sec. 10 of the Ohio Constitution."

Appellant's third assignment of error is overruled because no proper foundation was laid for the admission of the victim's juvenile record into evidence, as there was no showing that appellant was aware of the juvenile record of the deceased. If appellant had no knowledge of the juvenile record of the victim, then it was immaterial to appellant's claim of self-defense.

Appellant's fourth assignment of error alleges:

"The trial court erred in denying appellant's motion for new trial because of the misconduct of the bailiff in answering [a] juror's questions."

At the hearing on appellant's motion for a new trial, appellant presented the testimony of one of the jurors concerning a conversation she had had with the bailiff after the jury had been deliberating for a few hours. At that time, the jury had voted twice and was divided. The juror testified that she asked the bailiff, "What would happen in the event of a hung jury?" The bailiff replied that she should not consider that possibility, but that she should "just deliberate the evidence." The juror again questioned the bailiff, who stated that she should not consider a hung jury. Further the bailiff told the juror just to consider the evidence. From that point on, the juror stated, she felt rushed and pressured to come to a verdict. In addition, the juror indicated that she would have "held out for a hung jury" if she had felt that was an alternative. The juror also testified that when questioned about the possibility of a lesser offense, the bailiff "answered with gestures."

R.C. 2945.33 provides:

"When a cause is finally submitted the jurors must be kept together in a convenient place under the charge of an officer until they agree upon a verdict, or are discharged by the court. The court, except in cases where the offense charged may be punishable by death, may permit the jurors to separate during the adjournment of court overnight, under proper cau-

tions, or under supervision of an officer. *Such officer shall not permit a communication to be made to them, nor make any himself except to ask if they have agreed upon a verdict, unless he does so by order of the court. Such officer shall not communicate to any person, before the verdict is delivered, any matter in relation to their deliberation.* Upon the trial of any prosecution for misdemeanor, the court may permit the jury to separate during their deliberation, or upon adjournment of the court overnight.

"In cases where the offense charged may be punished by death, after the case is finally submitted to the jury, the jurors shall be kept in charge of the proper officer and proper arrangements for their care and maintenance shall be made as under section 2945.31 of the Revised Code." (Emphasis added.)

Misconduct by the court's bailiff in communicating to the jury during its deliberations, a violation of R.C. 2945.33, is presumptively prejudicial to a defendant who is later found guilty by the jury. See *State* v. *Adams* (1943), 141 Ohio St. 423, 25 O.O. 570, 48 N.E. 2d 861, 146 A.L.R. 509; *State* v. *King* (1983), 10 Ohio App. 3d 93, 10 OBR 116, 460 N.E. 2d 1143, paragraph two of the syllabus. Appellant's fourth assignment of error is sustained.

Appellant's fifth assignment of error alleges the trial court erred in sustaining the prosecutor's objection, during the hearing on appellant's motion for a new trial, to the testimony of the juror concerning whether the bailiff's conduct led the juror to vote for conviction.

Evid. R. 606(B) provides:

"*Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith.* A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. However, a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. His affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying will not be received for these purposes." (Emphasis added.)

We find the trial court did not abuse its discretion in prohibiting testimony by the juror as to the effect of the bailiff's misconduct upon the juror's mind in influencing her to assent to the verdict. Appellant's fifth assignment of error is overruled.

Appellant's sixth and seventh assignments of error allege that his conviction is against the manifest weight of the evidence and based upon insufficient evidence. Following a complete review of the record, we find the evidence was such that reasonable minds could have reached different conclusions as to whether each element of the offense had been proved beyond a reasonable doubt. See *State* v. *Thomas* (1982), 70 Ohio St. 2d 79, 24 O.O. 3d 150, 434 N.E. 2d 1356; *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132; *State* v. *Black* (1978), 54 Ohio St. 2d 304, 8 O.O. 3d 296, 376 N.E. 2d 948; *State* v. *Swiger* (1966), 5 Ohio St. 2d 151, 34 O.O. 2d 270, 214 N.E. 2d 417, certiorari denied (1966), 385 U.S. 874. Further, we find the jury did not lose its way and create

such a manifest miscarriage of justice that appellant's conviction must be reversed and a new trial ordered. *State v. Martin* (1983), 20 Ohio App. 3d 172, 20 OBR 215, 485 N.E. 2d 717, paragraph three of the syllabus. Appellant's sixth and seventh assignments of error are overruled.

Appellant alleges for his final assignment of error:

"The trial court erred to the prejudice of appellant's right to a fair trial and to due process in overruling defense objections to prejudicial arguments and committed plain error in not correcting insinuations of the prosecutor."

The only objection by defense counsel to the prosecutor's closing argument was made when the prosecutor characterized appellant's description of the victim's grasp as a "bear hug." The prosecutor is normally entitled to a certain degree of latitude in his concluding remarks. See *State v. Liberatore* (1982), 69 Ohio St. 2d 583, 23 O.O. 3d 489, 433 N.E. 2d 561. "The test regarding prosecutorial misconduct * * * is whether the remarks were improper and, if so, whether they prejudicially affected [the] substantial rights of the defendant. * * *" *State v. Smith* (1984), 14 Ohio St. 3d 13, 14, 14 OBR 317, 318, 470 N.E. 2d 883, 885. We have reviewed the record and we find that the remarks of the prosecutor were not an improper characterization of the evidence presented.

Appellant additionally points out two instances of allegedly improper remarks by the prosecutor to which defense counsel did not object. We find that neither rises to the level of plain error. Appellant's eighth assignment of error is overruled.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law and with this decision.

*Judgment reversed and cause remanded.*

SHANNON, KLUSMEIER and UTZ, JJ.,[1] concur.

---

[1] Following oral argument, Presiding Judge Lee Hildebrandt indicated from the bench that he would not participate in this decision for the reason that the bailiff in the instant case is now the bailiff for his wife, Municipal Court Judge Dolores Hildebrandt. The parties agreed to submit the case to a third judge of this court on the briefs. Judge Klusmeier was selected to review the case.