THE STATE OF OHIO, APPELLEE, *v.* LANE, APPELLANT.

(No. C-870238—Decided August 10, 1988.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Christian J. Schaefer,* for appellee.

*H. Fred Hoefle,* for appellant.

*Per Curiam.* This cause came on to be considered upon the application of appellee state of Ohio for reconsideration of this court's decision and judgment, entered herein on May 25, 1988, and upon the response of appellant William Lane and his application for reconsideration. Reconsideration was granted on June 20, 1988.

The court being fully advised in the premises finds that said applications are well-taken and that the same ought to be and hereby are granted. It is ordered that the opinion published at 48 Ohio App. 3d 172, 549 N.E. 2d 193, be modified to the effect that the following paragraph which appears at 48 Ohio App. 3d at 173-174, 549 N.E. 2d at 195, be deleted:

"Appellant's first assignment of error alleges that the trial court erred in failing to suppress appellant's initial, secretly taped statement. The record reveals that although the secretly taped statement was not transcribed, the tape itself was played for the jury. We have listened to the tape and we find it to be completely unintelligible. We determine that the trial court abused its discretion in admitting an unintelligible tape into evidence. The prejudice to appellant is palpable in that even though the tape is unintelligible, the jury may have believed it contained incriminating statements by appellant solely because it was introduced into evidence by the prosecution. Appellant's first assignment of error is sustained."

It is further ordered that the following paragraph replace the above paragraph:

"Appellant's first assignment of error alleges the trial court erred in failing to suppress appellant's initial, secretly taped statement. The record reveals that although the secretly taped statement was not transcribed, the tape itself was played for the jury. We have listened to the tape and we find it to be unintelligible. Therefore, we are unable to review the tape. This court was advised by counsel for appellant subsequent to the submission of this case that he possesses the device by which the tape was played to the jury upon trial, and which makes the contents of the tape intelligible. That device was not available to us during our consideration of the record upon review. Because the tape is an exhibit, and not part of the trial court proceedings, it is not required to be transcribed pursuant to App. R. 9(A). We point out, however, that prudence would dictate that the party seeking to rely on the contents of the tape submit a stipulated transcript of the tape or an intelligible tape for our review. Because we are unable to review the tape, we cannot say the trial court erred in admitting it into evidence. Appellant's first assignment of error is overruled."

Paragraph one of the syllabus of the originally published opinion is also ordered deleted.

In all other respects the opinion published at 48 Ohio App. 3d 172, 549 N.E. 2d 193, remains the same and, in view of appellant's fourth assignment of error, this cause is remanded for further proceedings.

*Judgment accordingly.*

SHANNON, KLUSMEIER and UTZ, JJ., concur.