**CITY OF MENTOR, Appellee,**

v.

**KENNELL, Appellant.**

[Cite as *Mentor v. Kennell* (1992), 83 Ohio App.3d 637.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–162.

Decided Nov. 16, 1992.

638

*Ronald Graham,* Mentor City Prosecutor, for appellee.

*Guy V. Nerren,* for appellant.

HENDRICKSON, Judge.

This appeal is from the conviction of appellant, Thomas W. Kennell, on two charges by the Mentor Municipal Court. The charges are based on Mentor Municipal Code 71.01(A)(1), driving while under the influence of alcohol, and 71.01(A)(3), driving over specified breath-alcohol limits. Appellant was stopped by Mentor police at 12:05 a.m. on July 20, 1991, after he was observed driving on the berm. Appellant and a female passenger occupied the vehicle.

Appellant was administered two field sobriety tests, because the officer detected an odor of alcohol coming from the vehicle, saw beer cans in the vehicle, and observed that appellant's speech was slurred. The tests were the "heel to toe" test of walking an imaginary line, and the "finger to nose" test. As a result of these tests the officer arrested appellant and took him to the Mentor Police Department for further testing.

At the police department, appellant was videotaped and voluntarily submitted to the BAC Verifier breath analysis when asked to do so. The arresting officer completed an alcohol influence report and a statement as to facts of the arrest.

Prior to appellant's arrest, the BAC Verifier breath analysis machine had been calibrated on July 12, 1991 at 8:17 p.m. It was next calibrated on July 20, 1991 at 11:09 p.m. Appellant was tested sometime shortly after midnight on July 20, 1991.

Appellant filed two motions to suppress with the trial court. On November 12, 1991, the trial court heard the testimony of police officers involved and the testimony of appellant, after which the two motions were overruled. Appellant then changed his plea from not guilty to no contest, reserving the right to appeal, and judgments of guilty to both charges were made by the trial court on November 14, 1991. Appellant's assignments of error are:

"1. The trial court erred, to the prejudice of defendant-appellant, in overruling his (first) motion to suppress from evidence the results of a BAC Verifier

breath test of his alcohol concentration level * * *, in a prohibited level prosecution.

"2. The trial court erred, to the prejudice of defendant-appellant, in overruling his (second) motion to suppress from evidence the results of a BAC Verifier breath test of his alcohol concentration level * * * in a prosecution for driving while under the influence.

"3. The trial court erred, to the prejudice of defendant-appellant, in overruling his (second) motion to suppress from evidence those portions of the videotape of defendant, which mention, refer to, or depict request by police officers of defendant to take a breath test, explanations of implied consent, defendant taking a breath test.

"4. The trial court erred, to the prejudice of defendant-appellant, in overruling his (second) motion to suppress form [sic] evidence statements made by Defendant to police officers, following the conclusion of the defendant's breath test, concerning the consumption by defendant of alcohol.

"5. The trial court erred, to the prejudice of the defendant-appellant, in overruling his (second) motion to suppress from evidence statements made by defendant to police officers following his warrantless arrest; all tests of defendant's coordination including psychomotor tests; tests of defendant's sobriety and/or alcohol concentration level; observations of police officers who stopped, arrested, tested, or observed defendant regarding defendant's sobriety and/or alcohol concentration level * * *."

■ Appellant's first assignment of error alleges that the trial court erred because it allowed as evidence the results from a BAC Verifier instrument which had not been calibrated within the time period required by the Ohio Department of Health. Ohio Adm.Code 3701–53–04(A) mandates that "breath testing instruments shall be checked for calibration no less frequently than once every seven days * * *." Strict compliance with that requirement means that the machine must be calibrated at least every one hundred sixty-eight hours. In this case, appellant's breath was analyzed several hours after the expiration of the one hundred-sixty-eight-hour limit. In view of the strict liability standard of Mentor Municipal Code 71.01(A)(3), there must be compliance with established regulations on the part of the city. After all, prosecution under this section "imposes culpability for a standard which previously only raised a presumption of criminal conduct [and] it is necessary that officials explicitly follow the rules, instructions and guidelines established by the director of health * * *." *State v. Schell* (1984), 13 Ohio App.3d 313, 316, 13 OBR 390, 394, 469 N.E.2d 999, 1003. "[S]ince

an individual charged under the * * * law faces serious consequences solely dependent upon the results of a chemical analysis test, it becomes incumbent upon those officials administering these tests to follow the established procedures to ensure that accurate and reliable test results are always obtained." *Id.* at 317, 13 OBR at 394, 469 N.E.2d at 1003. In *Celina v. Crouch* (Aug. 2, 1990), Mercer App. Nos. 10–89–2 and 10–89–3, unreported, 1990 WL 113456, appellant was convicted based on a breath test which was administered on January 7, 1989, on a machine that had last been calibrated on December 31, 1988. The court in that case noted "the potential for suppression of the January 7, 1989 test if given more than 168 hours after the pretest calibration of December 31, 1988. * * * [W]e must assume that [appellant] did not prove the proscribed lapse of time * * *." *Id.* at 6. In this case, appellant did prove the proscribed lapse of time. We agree that the results of the BAC Verifier test were inadmissible. Thus, there is merit to appellant's first assignment of error.

■ As to the second assignment of error, alleging error in the failure to suppress the BAC Verifier results as to the 71.01(A)(1) conviction for driving under the influence, it should be noted that "[t]he defendant's ability to perceive, make judgments, coordinate movements, and safely operate a vehicle is at issue * * *. It is the behavior of the defendant which is at issue." *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 104, 532 N.E.2d 130, 134. Thus, even though the results of the BAC test are inadmissible, this conviction may stand based upon other evidence. Therefore, this assignment of error has no merit.

■ Appellant argues in his third assignment of error that the portions of the videotape that relate to the administration and results of the BAC Verifier analysis are inadmissible. We agree. This specific reference to a test held inadmissible would be palpably prejudicial to appellant. See *State v. Lane* (1988), 48 Ohio App.3d 172, 173–174, 549 N.E.2d 193, 195. Therefore, this assignment of error has merit.

■ Appellant's fourth assignment of error challenges the admissibility of statements relating to his alcohol consumption made by appellant to the police subsequent to the administering of the BAC test. However, the police had read appellant his rights per *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, so there was no bar to his speaking with the officers. This is true particularly because he did not wish to have a lawyer, or to remain silent. Furthermore, he voluntarily answered questions that enabled the officers to complete the alcohol influence form. Therefore, there is no merit to appellant's fourth assignment of error.

■ Appellant argues as to his fifth assignment of error that the arresting officer did not observe erratic driving and, therefore, had no probable cause to charge him with driving under the influence of alcohol. Also, he points out that no ticket was issued for speeding, driving left of center, weaving, or reckless driving. Furthermore, there was no accident, or potential accident. Nevertheless, appellant did drive on the berm and it was for that reason that the officer pulled him over to the side of the road. This court recently held that weaving within one's own lane is sufficient for the officer to stop a driver and investigate. *State v. Gedeon* (1992), 81 Ohio App.3d 617, 611 N.E.2d 972. Driving on the berm provided the specific articulable facts to warrant the investigative stop; therefore, the resultant evidence of the odor of alcohol from the vehicle, the beer cans in the vehicle, appellant's slurred speech, and the field sobriety tests provided sufficient probable cause for the arrest. Therefore, this assignment of error has no merit.

For the reasons given in response to appellant's first and third assignments of error, the judgment of the trial court is reversed and this cause is remanded to the trial court for a new trial consistent with this opinion on the charge of driving under the influence of alcohol in violation of Mentor Municipal Code 71.01(A)(1). The charge of driving over specified breath-alcohol limits is dismissed.

*Judgment accordingly.*

JOSEPH E. MAHONEY and EDWARD J. MAHONEY, JJ., concur.

WILLIAM R. HENDRICKSON, J., retired, of the Twelfth Appellate District, sitting by assignment.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.