OPINION *Page 2 
{¶ 1} Defendant-Appellant, Trenton J. McDaniel, appeals the judgment of the Marion County Municipal Court finding him guilty of operating a vehicle under the influence, driving under suspension, and driving left of center. On appeal, McDaniel asserts that the trial court erred in denying his motion to suppress, because the State failed to show substantial compliance with the time requirements provided under Ohio Adm. Code 3701-53-04(A). Finding that the State did substantially comply with the time requirements provided under Ohio Adm. Code 3701-53-04(A) and that the trial court did not err in denying McDaniel's motion to suppress, we affirm the judgment of the trial court.
 {¶ 2} On July 10, 2005, at 2 a.m., McDaniel was stopped and charged with operating a vehicle under the influence in violation of R.C.4511.19(A)(1)(a) and (A)(1)(d); driving under suspension in violation of R.C. 4510.37; and, driving left of center in violation of R.C. 4511.25. Subsequently, McDaniel entered a written not guilty plea, waived the reading of his complaint, waived his right to a speedy trial, and demanded a jury trial.
 {¶ 3} In February 2006, McDaniel filed a motion to suppress evidence, in which, he argued that the law enforcement officer failed to administer the breathalyzer machine in substantial compliance with the Ohio Adm. Code 3701-53-04 and, therefore, such evidence should be suppressed. Specifically, McDaniel *Page 3 
argued that the required instrument checks, which test calibration and radio frequency interference, had not been done in the time required by law.
 {¶ 4} In March 2006, the parties stipulated that "[t]he most recent instrument check which tested calibration and radio frequency interference which was done previous to [McDaniel's] test was done onJuly 3rd, 2005 at 08:01"; that McDaniel's "breath test was administered on July 10th, 2005 at 03:23"; and, that "[t]he next instrument check which tested calibration and radio frequency interference which was done after the 7/3/05 check was done on July 10th, 2005 at 11:08." (March 10, 2006 Stipulation) (emphasis in original).
 {¶ 5} In May 2006, the trial court denied McDaniel's motion to suppress.
 {¶ 6} In June 2006, the trial court amended its previous ruling on McDaniel's motion to suppress and reiterated its denial of McDaniel's motion.
 {¶ 7} Later in June 2006, McDaniel entered a no contest plea in exchange for the State dismissing the driving under suspension and driving left of center charges and was found guilty of the operating a vehicle under the influence charge. McDaniel was sentenced to thirty days in jail with twenty-seven days suspended and the remaining three to be served in a jail alternative program, was fined $1000 with $600 suspended plus costs, and had his license suspended for six months. *Page 4 
 {¶ 8} It is from this judgment McDaniel appeals, presenting the following assignment of error for our review:
The trial court erred in denying Appellant's Motion to Suppress whenthe State failed to show substantial compliance with Ohio AdministrativeCode Section 3701-53-04.
 {¶ 9} In his sole assignment of error, McDaniel argues that the trial court erred in denying his motion to suppress, because the State failed to show substantial compliance with Ohio Adm. Code3701-53-04.[1] We disagree.
 {¶ 10} When ruling on a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight to be given to the evidence presented.State v. Johnson (2000), 137 Ohio App.3d 847, 850. An appellate court must uphold the trial court's findings of fact if they are supported by competent, credible evidence. State v. Dunlap, 73 Ohio St.3d 308, 314,1995-Ohio-243. However, an appellate court must also *Page 5 
conduct a de novo review of the trial court's application of the law to the facts. State v. Hodge, 147 Ohio App.3d 550, 2002-Ohio-3053, at ¶ 9.
 {¶ 11} In seeking to admit the results of a breath test, the state bears the burden of demonstrating that the breath test was administered to the defendant in substantial compliance with the regulations of the Ohio Department of Health. State v. Plummer (1986), 22 Ohio St.3d 292. Once the state meets its burden, the burden then shifts to the defendant to prove that he or she was prejudiced by a variation from the regulations. Lauer, 146 Ohio App.3d at 359, 2001-Ohio-2291, citingState v. Boys (1998), 128 Ohio App.3d 640, 643. The Ohio Supreme Court has reasoned that "strict compliance is not always realistically or humanly possible." Plummer, 22 Ohio St.3d at 294; see State v.Steele (1977), 52 Ohio St. 2d 187 (noting that rigid compliance with the Department of Health regulations in regard to alcohol testing was not necessary in order for test results to be admissible).
 {¶ 12} Ohio Adm. Code 3701-53-04, the regulation that governs instrument checks for drug and alcohol testing, provides:
 (A) A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The *Page 6 instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.
 (1) The instrument shall be checked to detect RFI using a hand-held radio normally used by the law enforcement agency. The RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subject test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced.
 (2) An instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health. An instrument check result is valid when the result of the instrument check is at or within five one-thousandths (0.005) grams per two hundred ten liters of the target value for that instrument check solution. An instrument check result which is outside the range specified in this paragraph shall be confirmed by the senior operator using another bottle of approved instrument check solution. If this instrument check result is also out of range, the instrument shall not be used until the instrument is serviced.
 {¶ 13} The Ohio Supreme Court in State v. Burnside,100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 34, limited the substantial compliance standard set forth in Plummer to "excusing only errors that are clearly de minimis." These de minimis errors that are acceptable under the substantial compliance standard have been characterized as "minor procedural deviations." Id., citing State v. Homan, 89 Ohio St.3d 421,426, 2000-Ohio-212. It is with these principles in mind that we consider whether the State substantially complied with Ohio Adm. Code3701-53-04(A) in the instant case.
 {¶ 14} McDaniel has argued that the trial court erred in denying his motion to suppress, because Ohio Adm. Code 3701-53-04(A) requires an instrument and *Page 7 
RFI check be performed on any approved breath testing instrument no less than once every seven days. McDaniel has further argued that since the instrument in question was tested on July 3, 2005 at 08:01 and again on July 10, 2005 at 11:08, the instrument was not properly calibrated and that the State failed to substantially comply with the Ohio Adm. Code and that the results from his test should be inadmissible.
 {¶ 15} First, while McDaniel is correct in his observation that the Ohio Adm. Code requires instrument checks no less than once every seven days, it further states: "[t]he instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check." Ohio Adm. Code 3701-53-04(A). Clearly, in this case, an instrument check was completed within the requirements of Ohio Adm. Code3701-53-04(A) and the State not only substantially complied with the Code, but it strictly complied with it.
 {¶ 16} Additionally, McDaniel is also correct in his observation that the Ohio Adm. Code requires a RFI check no less than once every seven days. McDaniel also argues that, unlike the instrument check, the RFI check is required to be performed no later than every seven days or one hundred sixty-eight hours. Further, McDaniel states that since the second RFI check was not performed until more than one hundred seventy-one hours after the first RFI check, the State had not complied nor substantially complied with Ohio Adm. Code 3701-53-04(A). *Page 8 
 {¶ 17} However, regardless if McDaniel is correct in his assertion that "every seven days" equals one hundred sixty-eight hours, which would result in the State's failure to strictly comply with Ohio Adm. Code 3701-53-04(A), we cannot find that the State failed to substantially comply with the Code.
 {¶ 18} Here, it is undisputed that a RFI check was performed three hours and seven minutes after the alleged requirement of one hundred and sixty-eight hours. Clearly, this is not a case where a RFI check was performed days or weeks after the requirements provided under Ohio Adm. Code 3701-53-04(A). Therefore, we find that the State substantially complied with the Ohio Adm. Code 3701-53-04(A) and any error that the State committed was clearly de minimis and only a minor procedural deviation.
 {¶ 19} Based on the foregoing, we find that the trial court did not err in denying McDaniel's motion to suppress. Accordingly, McDaniel's assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
[1] We note that McDaniel also argues that the State failed to establish that it substantially complied with Ohio Adm. Code3701-53-04(A), because it failed to show that the breathalyzer machine was functioning properly, that the person who performed the checks was properly qualified, and that the checks were performed properly. In support of this assertion, McDaniel relies on this Court's opinion inState v. Lauer, 146 Ohio App.3d 354, 359, 2001-Ohio-2291.
However, the State argues that McDaniel failed to raise these issues in his motion to suppress and, as a result, has waived any review of these issues. We agree.
Under Crim.R. 47, a motion to the court "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought." The Ohio Supreme Court has stated, "[T]he defendant must make clear the grounds upon which he challenges the submission of evidence. * * * Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal." Xenia v. Wallace (1988), 37 Ohio St.3d 216, 218.
Here, the only issue raised in McDaniel's motion to suppress was whether the State substantially complied with the time requirements of Ohio Adm. Code 3701-53-04(A). Accordingly, we will limit our review to that issue.
 Judgment affirmed.
 SHAW, J., concurs.
 WALTERS, J., concurs in judgment only.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.) *Page 1