OPINION
{¶ 1} Appellant, Larry E. Brzyscz, appeals his conviction in the Ashtabula County Court, Western District, for operating a vehicle with a prohibited concentration of alcohol in the blood and the trial court's judgment denying his motion to suppress the results of his breathalyzer test. At issue is whether the BAC DataMaster was calibrated within the time limit prescribed by the Ohio Administrative Code. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On January 3, 2008, appellant was charged in the trial court with operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a); operating a vehicle with a prohibited concentration of alcohol in the blood, in violation of R.C. 4511.19(A)(1)(h); operating a vehicle with a suspended driver's license, in violation of R.C. 4510.11(A); and failing to drive his vehicle upon the right half of the roadway, in violation of R.C. 4511.25(A).
 {¶ 3} The charges stemmed from a traffic stop that occurred on New Year's Eve, December 31, 2007, at 10:15 p.m. on Staley Road in Orwell Township, after appellant was observed by police weaving his vehicle and driving outside his lane of travel. The detailed statement of facts offered by the state in its brief is not supported by the record as no evidentiary hearing was held on appellant's motion to suppress and the parties' "stipulation" of facts did not encompass the facts surrounding appellant's stop and arrest. Thus, while appellant does not object to this recitation, we do not consider it in our analysis. Appellant was arrested and transported to the Orwell Police Department where he submitted to a breath alcohol concentration ("BAC") DataMaster test at 11:14 p.m. Appellant's BAC test result indicated he had a breath alcohol concentration of .174, more than twice the legal limit.
 {¶ 4} Prior to appellant's arrest, the last BAC DataMaster instrument check on the subject machine took place on December 24, 2007, at 1:21 p.m. The next check was performed on December 31, 2007, at 11:25 p.m., 178 hours past the December 24, 2007 check.
 {¶ 5} Appellant initially pled not guilty and filed a motion to suppress, arguing the state failed to comply with Ohio Adm.Code. 3701-53-04(A), which mandates that *Page 3 
breath testing instruments be calibrated at least once every seven days. By agreement of the parties, the motion to suppress was limited to the issue of whether calibration tests were performed on the breathalyzer machine within the time limit prescribed by the Ohio Administrative Code. The parties agreed as to the timing of the calibration tests and that the matter would be decided on "agreed facts and briefs" without an evidentiary hearing. Upon consideration of the parties' submittals, the trial court denied appellant's motion to suppress. On July 15, 2008, appellant entered a no contest plea to operating a vehicle with a prohibited concentration of alcohol in the blood. The trial court found him guilty of the charge, which was his fifth OVI conviction, and sentenced him to 60 days in jail, with the sentence to begin on July 22, 2008, unless he filed an appeal in which case his sentence would be stayed pending appeal. The court also noted on its sentencing entry, "D[efendant] is "still waiting to serve his jail sentence from his 2006 OVI [conviction]. He has been reportedly turned away from jail due to overcrowding." Appellant timely appeals, asserting two assignments of error. Because they are interrelated, appellant's assigned errors shall be considered together. He states for his assignments of error:
 {¶ 6} "[1.] THE TRIAL COURT ERRED WHEN IT FAILED TO UPHOLD THE STATUTORY REQUIREMENTS.
 {¶ 7} "[2.] THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS EVIDENCE REGARDING WEEKLY INSTRUMENT CHECKS AFTER THE MANDATORY 168 HOUR TIME LIMIT."
 {¶ 8} In general, appellate review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact.State v. Burnside, *Page 4 100 Ohio St.3d 152, 154, 2003-Ohio-5372. During a hearing on a motion to suppress evidence, the trial judge acts as the trier of fact and, as such, is in the best position to resolve factual questions and assess the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. An appellate court reviewing a motion to suppress is bound to accept the trial court's findings of fact where they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting these facts as true, the appellate court independently determines as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. State v.Williams (1993), 86 Ohio App.3d 37, 41; State v. Djisheff, 11th Dist. No. 2005-T-0001, 2006-Ohio-6201, at ¶ 19.
 {¶ 9} In the case sub judice, on agreement of the parties, the trial court decided the case on "stipulated" facts. The trial court was thus not required to make any factual findings; instead, it was only required to determine whether the agreed facts met the applicable legal standard. As such, the appropriate standard of review in this case is de novo.Williams, supra.
 {¶ 10} R.C. 3701.143 provides that "the director of health [the Ohio Department of Health] shall determine or cause to be determined, techniques or methods for chemically analyzing a person's blood, urine, breath, or other bodily substance in order to ascertain the amount of alcohol * * * in the person's blood, urine, breath or other bodily substance." This statutory provision "clearly vests all authority relative to determining the techniques and methods of chemically analyzing the alcohol content in a person's blood, urine and breath for purposes of R.C. 4511.19, in the director of health." State v.Miller (Dec. 15, 1998), 3d Dist. No. 9-98-42, 1998 Ohio App. LEXIS *Page 5 
6198, *6. The machine used here, a BAC DataMaster, is an approved breath testing instrument. Ohio Adm. Code 3701-53-02(A)(1).
 {¶ 11} Appellant argues the trial court erred in not suppressing the results of the BAC DataMaster test because the machine had not been calibrated within the time required by Ohio Adm. Code 3701-53-04(A). In that section the department of health mandated that an instrument check be performed on breath testing instruments at least once every seven days. Appellant argues that seven days equates to 168 hours, and that since the last time the BAC DataMaster was checked before his arrest was on December 24, 2007 at 1:21 p.m., the machine had to be checked again by December 31, 2007 at 1:21 p.m. in order to comply with the Administrative Code. He argues that since the instrument check was not done until December 31, 2007 at 11:25 p.m., the instrument check was performed ten hours after the seven-day time limit and the results of his breathalyzer test should have been suppressed.
 {¶ 12} Appellant's reliance on two cases decided by this court is misplaced. In City of Mentor v. Kennell (1992), 83 Ohio App.3d 637, this court held:
 {¶ 13} "Ohio Adm. Code 3701-53-04(A) mandates that `breath testing instruments shall be checked for calibration no less frequently than once every seven days * * *.' Strict compliance with that requirement means that the machine must be calibrated at least every one hundred sixty-eight hours. * * * In view of the strict liability standard of [the Code provision prohibiting the operation of a vehicle over specified breath-alcohol limits], there must be compliance with the established regulations on the part of the city." Id. at 640. *Page 6 
 {¶ 14} In Kennel, this court held that because the defendant had proven the breathalyzer machine was calibrated after the expiration of the 168-hour limit, the results of the BAC test were inadmissible.
 {¶ 15} Likewise, in City of Aurora v. Kurth (Aug. 13, 1993), 11th Dist. No. 92-P-0109, 1993 Ohio App. LEXIS 3932, this court held that the Ohio Adm. Code 3701-53-04 calibration requirement is absolute, allowing no exception or qualification; that the defendant was not required to demonstrate prejudice; and that a delay of nine hours after the 168-hour limit could not be deemed substantial compliance with Ohio Adm. Code 701-53-04.
 {¶ 16} Appellant fails to recognize, however, that since this court's decisions in Kennell and Kurth, in 1997, the department of health amended Ohio Adm. Code 3701-53-04(A) to allow calibration testing to be conducted up to 192 hours after the previous instrument check. State v.Stecion, 9th Dist. No. 20626, 2002-Ohio-318, 2002 Ohio App. LEXIS 260, *8, fn. 1. Ohio Adm. Code 3701-53-04(A) now provides:
 {¶ 17} "A senior operator shall perform an instrument check on approved evidential breath testing instruments * * * no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may beperformed anytime up to one hundred and ninety-two hours after the lastinstrument check." (Emphasis added.)
 {¶ 18} Appellant's reliance on this court's decision in City ofWickliffe v. Hromulak (Apr. 20, 2001), 11th Dist. No. 2000-L-069, 2001 Ohio App. LEXIS 1835, is equally misguided. First, because the issue before this court in that case did not involve whether the state had complied with the calibration time limit, this court's discussion of *Page 7 
that limit in Hromulak was dicta. Next, and more importantly, that dicta does not support appellant's position. In that case this court commented:
 {¶ 19} "* * * The fact that the department of health is capable of such specificity [i.e., to explain that the Administrative Code requirement that breathalyzer testing solution not be used "for more than three months" means three calendar months rather than ninety days] is evident in Ohio Adm. Code 3701-53-04(A), which requires that an instrument check on evidential breath testing instruments be made every seven days.To avoid any confusion, one hundred and ninety-two hours is specified asthe maximum time limit that may elapse between instrument checks.
* * *" (Emphasis added.) Id. at *7-*8.
 {¶ 20} Thus, pursuant to this court's holding in Kennel, "strict compliance" with Ohio Adm. Code 3701-53-04(A) is achieved when breath testing instruments are checked once every 192 hours. Appellant concedes that in the instant case, the BAC DataMaster was last checked 178 hours before the next calibration, which is well within the 192-hour time limit mandated by the department of health.
 {¶ 21} It is noteworthy that, while the 1997 revision to the Ohio Administrative Code disposes of the issue raised in this appeal, appellant does not challenge or even address it, nor does he attempt to exclude this case from its application. Moreover, appellant does not dispute that the 1997 amendment applies to the facts of this case.
 {¶ 22} In view of the foregoing, we hold the state strictly complied with the applicable version of Ohio Adm. Code 3701-53-04(A), and the trial court did not err in overruling appellant's motion to suppress. *Page 8 
 {¶ 23} Finally, we note that other Ohio Appellate Districts have reached the same conclusion. For example, in State v. McDaniel, 3d Dist. No. 9-06-37, 2007-Ohio-1227, the defendant argued that since the breathalyzer machine was tested on July 3, 2005 at 8:01 and again on July 10, 2005 at 11:08, the instrument was not calibrated within the seven-day limit. The court held:
 {¶ 24} "First, while McDaniel is correct in his observation that the Ohio Adm. Code requires instrument checks no less than once every seven days, it further states: `[t]he instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.' Ohio Adm. Code 3701-53-04(A). Clearly, in this case, an instrument check was completed within the requirements of Ohio Adm. Code 701-53-04(A) and the State not only substantially complied with the Code, but it strictly complied with it." Id. at ¶ 15.
 {¶ 25} Next, in State v. Sunday, 9th Dist. No. 22917, 2006-Ohio-2984, the defendant argued that since the instrument in question was tested on December 22, 2004 and again on December 30, 2004 (a span of eight days), the state failed to even substantially comply with the Administrative Code, and that results from his test should not have been admitted. The court held:
 {¶ 26} "First, while Appellant is correct in his observation that the O.A.C. requires instrument checks no less than once every week, the Code further states: `[t]he instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.' O.A.C. 3701-53-04(A). One hundred and ninety-two hours is the equivalent of eight 24-hour days. Accordingly, [the state] not only *Page 9 
substantially complied with O.A.C. 3701-53-04(A), but strictly complied with it as well." Id. at ¶ 38.
 {¶ 27} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Ashtabula County Court, Western District, is affirmed.
DIANE V. GRENDELL, J., concurs, COLLEEN MARY O'TOOLE, J., concurs in judgment only. *Page 1